Roy Lewis C. WILLIAMS

v.

BRASEA, INC., and VESSEL CIAPESC I, her engs., etc. and Bender Welding & Machine Co., Inc. and Braselton Construction Machinery Co.

Civ. A. No. 69–C–213.

United States District Court,
S. D. Texas,
Corpus Christi Division.

Dec. 18, 1970.

---

William Edwards, Edwards & DeAnda, Corpus Christi, Tex., for plaintiff.

Jack Carinhas, Brownsville, Tex., for Brasea, Inc.

A. J. Watkins, Watkins, Hamilton & Kolb, Houston, Tex., for Bender Welding & Machine Co., Inc.

M. W. Meredith, Corpus Christi, Tex., for Braselton Construction Machinery Co.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Bender Welding & Machine Co., defendant and cross-defendant in this action, has filed motions to dismiss for lack of jurisdiction and to quash service, based on the contention that Bender is not amenable to service under the Texas long arm statute, Art. 2031b Vernon's R.Civ.St., because the company failed to satisfy the "minimum contacts" requirement that has been grafted on to every state's long arm statute by virtue of the Due Process Clause of the 14th Amendment, and the Supreme Court's landmark decision in International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which defines the requisite "minimum contacts" as those significant enough to insure "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158.

In Hearne v. Dow-Badische Chemical Co., 224 F.Supp. 90 (S.D.Tex.1963), a court in this district specified five factors to be employed in determining the existence of minimum contacts: nature and character of the corporation's business; number and type of activities within the forum; whether such activities give rise to the cause of action; whether the forum has some special interest in granting relief; and the relative convenience of the parties. *Id.* at 99. We shall briefly examine these factors to determine whether Bender Welding has met the "minimum contacts" standard.

Bender Welding, an Alabama Corporation, has during the past five years sold fishing vessels to approximately forty Texas residents, although delivery was made in Alabama. Bender has admitted that its prospective customers in Texas, to which it sends letters and brochures, number about 280. Furthermore, various representatives of Bender, during their visits to Texas, have made personal contacts with such customers.

Another factor which tends to establish Bender's minimum contacts is its obvious knowledge that its vessels will be operated out of Texas ports. Had the tort involved here occurred within 10.35 miles of the Texas coast, rather than in international waters, there is no doubt that this court could obtain jurisdiction over Bender. Hearne v. Dow-Badische Chemical Co., supra, United States v. Louisiana, 363 U.S. 1, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960). Bender had ample notice that a tort might occur within the jurisdictional boundaries of Texas; and it is this knowledge, rather than the place where the injury actually occurred, which should be determinative on the question of Bender's amenability to process. See Gill v. Fairchild Hiller Corp., 312 F.Supp. 916 (D.N.H.1970). Where the contacts themselves are significant, the place of injury is immaterial. Eyerly Aircraft Co. v. Killian, 414 F.2d 591, 598, N. 7 (5th Cir. 1968).

Bender has often sent representatives to Texas to meet vessels transported from its mobile ship yards by the customers. Such good will visits are in the nature of post-sale service, and should be construed as addenda to Bender's contract with its customers. Furthermore, an employee of Bender has made a trip to Texas to check out a customer's warranty claim.

The fourth criterion of the *Hearne* case, the interest which Texas has in granting relief, is especially significant here. The vessel was made for use in Texas by Texas residents, and Texas has a compelling interest in guaranteeing that its citizens be able to proceed in full measure against any party which might be held liable for their injuries. Finally, in order to avoid multiple litigation, either Bender or the other defendant in this case will be of necessity subjected to some degree of inconvenience. But from the standpoint of *all* parties and most witnesses, Texas is the more convenient forum.

We hold that Bender Welding's contacts with Texas were sufficient to satisfy the requirements of *Hearne* and the command of the Due Process Clause as construed by *International Shoe*. Accordingly, Bender Welding's motions to dismiss for lack of jurisdiction and to quash service are denied.