**Robert L. ODOM**

v.

**C. R. THOMAS d/b/a S & R Cattle Company et al.**

**Civ. A. No. 71–H–571.**

United States District Court, S. D. Texas, Houston Division.

Aug. 26, 1971.

Roger R. Wright, Jr., Kennerly, Woodard & Hall, Houston, Tex., for plaintiff.

Richard L. Reedy, Powell, Tucker, Kain & Reedy, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Plaintiff, a Texas resident, was seriously injured in an automobile collision in Arkansas when his car was struck from the rear by a cattle truck driven by one of the defendants, Robert J. Irvin. At the time of the accident, Irvin was acting as the agent of defendant C. R. Thomas, d/b/a S & R Cattle Company, all of whom are residents of the State of Alabama. Defendants have moved to dismiss for lack of jurisdiction, contending that the Texas long-arm statute, art. 2031b, Vernon's Ann.Civ.St., does not extend so far as to subject them to service of process.

Defendant conducts his interstate trucking operation throughout several states, one of which is Texas. At the time of the accident, he held a permit from the Texas Railroad Commission to haul interstate into and from Texas. It is clear that defendant's contacts with Texas are not insubstantial, and certainly must be deemed sufficient to justify his amenability to process in Texas but for the unbridgeable gap separating defendant's activities in Texas from the incident involved in this litigation.

The criteria for determining the sufficiency of a defendant's "minimum contacts" were set forth in Hearne v. Dow-Badische Chemical Co., 224 F.Supp. 90 (S.D.Tex., 1963):

(1) the nature and character of the business;

(2) the number and type of activities within the forum;

(3) Whether such activities give rise to the cause of action;

(4) whether the forum has some special interest in granting relief; and

(5) the relative convenience of the parties.

It is upon the third of these factors that plaintiff's argument founders. Defendant's agent was enroute from Alabama

to Kansas by way of Arkansas and Oklahoma. At no time during the pendency of this particular trip was Irvin to be routed through any part of Texas.

Plaintiff submits that this court's recent decision in Williams v. Brasea, Inc., 320 F.Supp. 658 (S.D.Tex., 1970) supports his claim of defendant's amenability to process. In that case, service was judged valid on an Alabama corporation whose only relationship to Texas was to introduce into this State's commerce a fishing vessel on which plaintiff was subsequently injured while the vessel was situated in international waters. This court declared that it was the manufacturer's knowledge that a tort might occur in Texas,

> "rather than the place where the injury actually occurred, which should be determinative on the question of Bender's amenability to process." Brasea, supra, at 659.

At first glance, such reasoning would seem to sustain plaintiff's position. But there is a crucial difference in the two cases. Brasea involved essentially a product liability claim. In such cases, there is an identifiable chain of events leading from the introduction of the article into the stream of commerce to the subsequent occurrence of the injury. The latter event presupposes the prior existence of the former. In the case at bar, by contrast, there is no relationship between defendant's operations in Texas and the incident in Arkansas involving his agent. The two exist independently of each other.

■ It is thus apparent that the third criterion of the minimum contacts test is here not satisfied; defendant's activities in Texas did not give rise to, and in fact, bear no relation to, the cause of action. In contrast to Brasea, which involved a defective product, the case at bar presents the classic simple tort. In such cases, the situs of the tort is of controlling significance for purposes of amenability to process.

■ The fourth criterion of the minimum contacts test, Texas' special interest in granting relief, would also seem to provide little comfort to plaintiff. In Brasea, Texas was the state nearest the ship where the injury occurred, and the ship had embarked from a Texas port. When factors such as insurance and medical care are considered, it is obvious that, in Brasea, the Texas interest was paramount. In the case at bar, by contrast, it is Arkansas, where the injury occurred, whose interest must be judged the greater.

■ The fifth factor, the relative convenience of the parties, favors Arkansas as the most appropriate forum for this litigation. It is a neutral jurisdiction with regard to plaintiff and defendants, and it is located approximately midway between the respective states of the parties. Furthermore, since it is Arkansas substantive law that will govern the rights of the parties in this case, it is the courts of Arkansas, whether state or federal, which can most appropriately interpret those laws.

It is thus apparent that this court is without jurisdiction over the person of defendant C. R. Thomas, d/b/a S & R Cattle Company. Defendant Robert J. Irvin submitted an affidavit that he has never driven an S & R Cattle truck in any part of the State of Texas, and indeed, plaintiff does not challenge the motion to dismiss with respect to that defendant. The court concludes therefore that it is without jurisdiction over the person of defendant Irvin.

Accordingly, this cause of action must be, and it is hereby, dismissed.