**Bryan Dale COURTS**

v.

**ACCU-COAT SERVICES, INC., et al.**

**Civil Action No. 6:96–1443.**

United States District Court,
W.D. Louisiana.
Lafayette–Opelousas Division.

Dec. 13, 1996.

---

David C. Laborde, Laborde Law Firm, Lafayette, LA, for plaintiff Bryan Dale Courts.

Robert H. Murphy, Scott E. Oliphant, Murphy Rogers & Sloss, New Orleans, LA, for defendant Accu–Coat Services, Inc.

Charles M. Steen, Phelps Dunbar, New Orleans, LA, for the defendants Tidewater Marine, Inc., Island Operating Co. Inc., Walter Oil & Gas Inc., Rowan Companies, Inc.

**MEMORANDUM RULING AND ORDER**

MELANÇON, District Judge.

Before the Court is a Motion to Remand filed by the plaintiff, Bryan Dale Courts. For the reasons that follow, the motion is granted.

### Background

This action arises from personal injuries the plaintiff allegedly sustained while unloading a vessel onto a fixed platform located on the Outer Continental Shelf. The plaintiff filed suit on May 6, 1996, in the 16th Judicial District Court for the Parish of St. Mary, Louisiana. The petition asserts a Jones Act claim under the Savings to Suitors Clause, or alternatively, claims under the Longshoreman and Harbor Workers Compensation Act, general maritime law, and Louisiana state law. Some of the defendants are residents of Louisiana defeating complete diversity.

On June 14, 1996, the defendants filed a notice of removal asserting that the Jones Act claim was fraudulently pled and that independent federal question jurisdiction exists under the Outer Continental Shelf Lands Act (OCSLA). The plaintiff filed a motion to remand and for sanctions, attorney fees, and costs on July 11, 1996. The defendants filed oppositions to the motion and the defendant, Accu–Coat Services, Inc., filed a Motion for Summary Judgment based on the assertion that the plaintiff is not a Jones Act seaman.

### Analysis

The defendants assert that the plaintiff has fraudulently alleged a Jones Act claim and that once the lack of a Jones Act claim is recognized, jurisdiction exists under the OCSLA. The Court will first address the assertion that jurisdiction exists under the OCSLA because the lack of a jurisdictional basis prevents this Court from making any determinations about the merits of the case.

The removing party bears the burden of demonstrating that removal is proper. *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). Removal is permitted when lack of diversity of citizenship exists in "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States...." 28 U.S.C. § 1441(b).

It is clearly established that maritime claims do not "arise under the Constitution, treaties or laws of the United States" for purposes of federal question and removal jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 482–84, 3 L.Ed.2d 368 (1959). However, removal of maritime claims might be proper when an alternative basis for original jurisdiction exists. *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir.1981). In this case, the defendants assert that the OCSLA provides an alternative basis for original jurisdiction because the accident occurred within a situs governed by the OCS-LA.

This issue was recently addressed by the Fifth Circuit in *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150 (5th Cir.1996). In *Tennessee Gas Pipeline*, the Fifth Circuit considered the application of the OCSLA to claims governed by general maritime law, but occurring on the Outer Continental Shelf (OCS). *Id.* at 153–154. The Fifth Circuit noted that it has held that where the OCSLA and general maritime law both could apply, the case is to be governed by maritime law. *Id.* at 154 *citing Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 459 (5th Cir.1992). Nevertheless, the Fifth Circuit found that the jurisdictional grant under the OCSLA is very broad and could grant original jurisdiction in federal court over these types of claims. *Id.* at 154.

Applying the reasoning of the Fifth Circuit, the Court finds that the OCSLA grants original jurisdiction in this Court over the plaintiff's claim. The jurisdictional grant, contained in 43 U.S.C. § 1349(b)(1), states that "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals...." The drilling rig and fixed platform in this case were used to search for minerals and thus, the activities conducted constitute an "operation." 43 U.S.C. § 1331(1). In addition, applying the "but for" test set out by the Fifth Circuit, it is clear that there would have been no accident but for the defendants' operation on the OCS, and thus, the claim "arises out of, or in

connection with" an operation. *Tennessee Gas Pipeline*, 87 F.3d at 155.

■ Nevertheless, this Court, as was the Fifth Circuit, is confronted with the problem of whether there is removal jurisdiction under the first sentence of 28 U.S.C. § 1441(b). In *Tennessee Gas Pipeline*, the Fifth Circuit held that the finding of original subject matter jurisdiction establishes removal under 28 U.S.C. § 1441(a), but to constitute proper removal, subsection (b) must also be satisfied.[1] 87 F.3d at 155. Subsection (b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

The Fifth Circuit in *Tennessee Gas Pipeline* struggled with the applicability of the first sentence of subsection (b) because in this situation, although there is jurisdiction under the OCSLA, the foundational claim is the maritime law claim which does not "arise under the Constitution, treaties or laws of the United States." 87 F.3d at 155–156. The Fifth Circuit ultimately determined that it "need not resolve this conundrum" because removal was consistent with the second sentence of § 1441(b). *Id.* at 156.

This Court is not as fortunate however. The second sentence of subsection (b) is clearly not applicable in this case. This Court must attempt to resolve the conundrum presented by the Fifth Circuit's holding in *Tennessee Gas Pipeline*. Drawing from the analysis made by the Fifth Circuit, the Court finds that removal is not proper in this case under the first sentence of subsection (b).

The Fifth Circuit noted that given the broad grant of jurisdiction under the OCS-LA, Congress may have intended to vest the federal courts with the power to hear any case involving the OCS regardless of the parties' citizenship. 87 F.3d at 156. However, for the contrary proposition, the Fifth Circuit noted two district court cases that are precisely on point. *Id. citing Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411 (S.D.Tex. 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348 (E.D.La.1990). In these cases, the courts considered removal of general maritime claims when OCSLA provided original jurisdiction. The second sentence of subsection (b) was not applicable in these cases because the defendant was a citizen of the state in which suit was brought. In each case, the court concluded that removal could not be based on the first sentence of subsection (b) because maritime claims do not arise under federal law. *Id.*

The Fifth Circuit did not comment on the validity or invalidity of these cases, but instead distinguished them from the *Tennessee Gas Pipeline* case because of the defendant's citizenship. This Court finds the reasoning of these cases to be sound. There is no concrete evidence that Congress intended to supersede the language of § 1441 or have the federal courts ignore the parties' citizenship when it granted broad jurisdiction under the OCSLA. It is for Congress, not this Court, to express such substantial intentions if they exist.

Based on the foregoing, the Court finds that independent federal question jurisdiction does not exist and therefore, the issue about the validity of the Jones Act claim raised by the defendants in their notice of removal and subsequent motion for summary judgment is not properly before the Court for consideration.

■ Given the lack of a determination by the Fifth Circuit on this issue, and the defendants' good faith reliance on lower court precedent, the Court finds that the imposi-

---

1. The assertion of state law claims in the petition is irrelevant to the applicability of the removal statute. *See Tennessee Gas Pipeline,* 87 F.3d at 155–56; *contra Augillard v. Tidewater Marine, Inc.,* 1996 WL 467297 (E.D.La. Aug. 15, 1996) (cited by the defendants). State law claims, the same as maritime law claims, do not "arise under the Constitution, treaties or laws of the United States." *Id.*

tion of sanctions, attorney fees, or costs is inappropriate.