Donald **BULEN**

v.

**HALL–HOUSTON OIL COMPANY**
**and Otto Candies, Inc.**

**Civil Action No. 96–2381.**

United States District Court,
E.D. Louisiana.

Jan. 31, 1997.

Karl Wiedemann, New Orleans, LA, for plaintiff.

Marshall M. Redmon, Phelps Dunbar, L.L.P., Baton Rouge, LA, for Defendant, Hall–Houston Oil Company.

### ORDER AND REASONS

MENTZ, District Judge.

Before the court is the plaintiff's motion to remand this suit to the state court from which it was removed based on lack of subject matter jurisdiction under 28 U.S.C. § 1447(c)[1].

Bulen alleges that he was injured while transferring himself via swing rope from the M/V Agnes Candies to an offshore platform owned by defendant Hall–Houston Oil Company located in the Gulf of Mexico. His complaint states claims under Louisiana law for negligence and strict liability against Hall–Houston, and under the general maritime law against the vessel owner, Otto Candies, Inc.

The question before the court is whether the court has removal jurisdiction under 28 U.S.C. § 1441. That statute provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■■■ Bulen's complaint states a claim cognizable in admiralty. The complaint alleges that plaintiff was injured on navigable waters while performing the traditional maritime activity of unloading a vessel, thus giving rise to federal admiralty jurisdiction. See Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). By filing his maritime law claims originally in state court, Bulen has elected to proceed pursuant to the saving to suitors clause, 28 U.S.C. § 1333.[2] That clause is intended to preserve the plaintiff's right to pursue a common law remedy. Fogleman v. Tidewater Barges, Inc., 747 F.Supp. 348, 355 (E.D.La.1990).

■■■ The saving clause does not prevent removal of maritime claims if there is a basis for removal other than admiralty jurisdiction. See Tennessee Gas Pipeline v. Houston Casualty Ins. Co., 87 F.3d 150, 153 (5th Cir. 1996) (permitting removal of a maritime claim where there was original jurisdiction based on diversity and the parties' citizenship satisfied the requisites of § 1441(b)); Poirrier v. Nicklos Drilling Co., 648 F.2d 1063, 1066 (5th Cir.1981) (same); Williams v. M/V. Sonora, 985 F.2d 808 (5th Cir.1993) (permitting removal of a maritime claim under § 1441(d), the Foreign Sovereign Immunities Act removal provision).

. The Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331–56, provides for original jurisdiction over cases arising out of or in connection with mineral operations conducted on the OCS. 43 U.S.C. § 1349(b)(1).[3]

---

1. Section 1447(c) provides in relevant part:

   If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2. 28 U.S.C. § 1333 states in relevant part:

   The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

   (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

3. Section 1349(b)(1) provides in relevant part:

   [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any opera-

Bulen's injuries occurred while performing work related to a fixed oil platform located on the OCS. His injuries would not have occurred but for the operation of that platform, and therefore, this suit arises out of operations on the OCS. Therefore, the OCSLA confers original jurisdiction over this suit. *See Tennessee Gas Pipeline*, 87 F.3d at 153–55.

■ OCSLA jurisdiction provides an alternative basis for original jurisdiction under § 1441(a), but that fact does not resolve the issue of removal jurisdiction. A case with original jurisdiction under § 1441(a) cannot be removed unless it also satisfies one of the two requirements for removal under § 1441(b): 1) original jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the United States" (also known as "federal question jurisdiction"); or 2) diversity jurisdiction where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *See Tennessee Gas Pipeline*, 87 F.3d at 155–156 (notwithstanding OCSLA original jurisdiction, both § 1441(a) and (b) must be satisfied for removal jurisdiction); *Courts v. Accu–Coat Serv., Inc.*, 948 F.Supp. 592, 594 (W.D.La.1996) (remanding suit with original jurisdiction under the OCSLA because the substantive claims brought under maritime and state laws did not satisfy § 1441(b)); *Fogleman*, 747 F.Supp. at 355 (quoting C. Wright and A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3674 at 466 (1985)); Schoenbaum, Thomas J., *Admiralty and Maritime Law*, Vol. 1, § 4–3 at 139–40 (1994).

There being no diversity of citizenship in this case, or any statutory basis for removal jurisdiction other than the original jurisdiction created by the OCSLA, the defendants must show that Bulen's claims arise under federal laws in satisfaction of the first sentence of § 1441(b).

■ Where admiralty and OCSLA jurisdiction overlap, the OCSLA confers original

jurisdiction, but maritime law is the substantive law of the case. *Tennessee Gas Pipeline*, 87 F.3d at 154. Therefore, although the situs of this accident is governed by the OCSLA which confers original jurisdiction, Bulen's claims, which are essentially maritime in character, arise under maritime law. *See Fogleman*, 747 F.Supp. at 355 ("In federal question cases, removal jurisdiction is premised on the substantive law to be applied, i.e., the remedy.")

■ Maritime law claims are not claims "arising under the Constitution, treaties or laws of the United States." *Tennessee Gas Pipeline*, 87 F.3d at 153 (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959) and *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991)). Therefore, the defendants must satisfy the first sentence of § 1441(b) with some claim other than the maritime law claims. *Id.*, at 155–156 (in maritime suit with OCSLA jurisdiction, the court found removal jurisdiction based on the parties' diverse citizenship because maritime claims do not create a federal question for purposes of the first sentence of § 1441(b)).

■ The only other claims Bulen asserts are under Louisiana state law for negligence and strict liability. As with maritime law claims, state law claims do not "arise under the Constitution, treaties, or laws of the United States." *Courts*, 948 F.Supp. at 595 n. 1.

This court rejects the decisions in *Broussard v. John E. Graham & Sons*, 798 F.Supp. 370 (M.D.La.1992), *Bondi v. Atlantic–Richfield Co.*, 1994 WL 66753 (E.D.La.1994), and *Augillard v. Tidewater Marine, Inc.*, 1996 WL 467297 (E.D.La. Aug. 15, 1996). The district courts in those cases found that removal is appropriate in maritime cases where the OCSLA provides original jurisdiction and the plaintiff also asserts state law claims. The reasoning of the courts was that the only way state law could apply was through the OCSLA and therefore, the plaintiff's assertion of a state law claim is tantamount to

---

tion conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and

seabed of the outer Continental Shelf, or which involves rights to such minerals ...

**145**

specifically pleading a claim for relief under the OCSLA. *See Broussard,* 798 F.Supp. at 372 [4]; *Bondi,* 1994 WL 66753 at *1; and *Augillard,* 1996 WL 467297 at *2.

In a saving to suitors case governed by maritime law, state law claims are not converted into claims arising under the laws of the United States by virtue of OCS-LA original jurisdiction. *See Courts,* 948 F.Supp. at 595 n. 1 (rejecting the analysis in *Broussard* ) and *Bonnette v. Shell Offshore, Inc.,* 838 F.Supp. 1175, 1180 (S.D.Tex.1993) (also rejecting *Broussard* ) While it is true that the OCSLA defines state law as the law applicable to the OCS, *see* 43 U.S.C. § 1333(a)(2), where both OCSLA and admiralty jurisdiction exist, as in the case at bar, the OCSLA provides original jurisdiction, but the case is governed by maritime law. *Tennessee Gas Pipeline,* 87 F.3d at 154.

Bulen filed suit in state court under Louisiana laws and the general maritime law, thus invoking the saving to suitors clause and his right to pursue common law remedies. He did not specifically invoke the OCSLA. The maritime character of his claims govern. Under these circumstances, the OCSLA provision that state law may be used as surrogate federal law is not applicable, and the assertion of state law claims is irrelevant to the existence of federal question removal jurisdiction. *See Courts,* 948 F.Supp. at 595 n. 1; *Bonnette,* 838 F.Supp. at 1180 (holding that in a suit with mixed state and maritime causes of action, if maritime law applies, it trumps OCSLA applicability and the suit must be remanded).

As there is no claim in this case arising under the Constitution, laws, or treaties of the United States, this suit was removed without subject matter jurisdiction and must be remanded pursuant to 28 U.S.C. § 1447(c).

Accordingly,

IT IS ORDERED that the Motion of Plaintiff Donald Bulen to remand is **GRANT-**

**4.** *Broussard* did not address removal jurisdiction, but its ruling could be interpreted to support the

ED, remanding this suit to the Civil District Court, Parish of Orleans, State of Louisiana.

proposition addressed here.