Joseph YOUMAN

v.

NEWFIELD EXPLORATION COMPANY.

Civil Action No. 1:96–CV–598.

United States District Court,
E.D. Texas,
Beaumont Division.

June 4, 1997.

810

James R. Leonard, McBride, Foret, Rozas & Leonard, Lafayette, LA, for Plaintiff.

Thomas Justin Simpson, Larzelere & Picou, LLP, Metairie, LA, for Defendant.

### MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

Before the court is Defendant's motion to dismiss for improper venue, or in the alternative for failure to state a claim. Having reviewed Defendant's motion, the submissions of the parties, the pleadings, and applicable law, the court issues the following memorandum and order.

## BACKGROUND

Plaintiff Joseph Youman filed this action September 30, 1996 to recover for injuries he received from an explosion on Eugene Island Platform 182A. The platform, which Defendant Newfield Exploration Company owns, is located on the outer Continental Shelf off the coast of Louisiana. The explosion occurred February 21, 1995 as one of Youman's co-workers was welding a pipe near a fuel tank. At the time, Youman was working for Ultra–Fabricator's Inc., an independent contractor Newfield had hired to upgrade the platform. Youman has alleged Newfield was negligent in creating an unsafe working environment and for failing to warn of dangerous condition.

## ANALYSIS

The "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). Furthermore:

If a proper objection is made to venue, it is for the court to determine whether the objection is well taken. The court, rather than the jury, decides contested fact issues relating to the venue question. There are cases holding that the burden is on the defendant to establish that venue is improper. But the 'better view,' and the clear weight of authority, is that when an objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue.

15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3826, (2d. ed 1986). *See also, PI, Inc. v. Quality Products, Inc.,* 907 F.Supp. 752, 757 (S.D.N.Y.1995) and *Smith v. Fortenberry,* 903 F.Supp. 1018, 1020 (E.D.La. 1995) (explaining that once an objection to venue has been raised, the plaintiff has the burden of showing that venue is proper).

■ This case involves a Louisiana resident's negligence claim against a Texas corporation under the Outer Continental Shelf Lands Act (OCSLA). 43 U.S.C. §§ 1331, *et*

*seq.* The court therefore has not only diversity jurisdiction, but also federal question jurisdiction. 43 U.S.C. § 1349(b)(1); *See also Tennessee Gas Pipeline v. Houston Casualty Ins. Co.,* 87 F.3d 150, 153–54 (5th Cir.1996) and *Courts v. Accu–Coat Services, Inc.,* 948 F.Supp. 592, 594 (W.D.La.1996) (concluding the OCSLA not only defines the law applicable to the outer Continental Shelf but also grants the federal courts jurisdiction over disputes occurring there). Venue is governed by 28 U.S.C. § 1391(b) where jurisdiction is not founded solely upon diversity of citizenship. Section 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship, may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if the action cannot be brought in any other District.

 Youman contends venue is proper pursuant to section 1391(b)(1) because Newfield resides in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(c) which states:

> For purposes of venue under this chapter a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a state which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

The official commentary to section 1391(c) explains that "in determining whether the corporation is subject to personal jurisdiction in a district, the test is whether its contacts with that district are sufficient to subject it to personal jurisdiction if that district were a separate state." David Siegel, Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (c) 28 U.S.C.A. § 1391 (1996). Essentially, section 1391(c) equates jurisdiction with venue for corporate defendants. *Laumann Mfg. Corp. v. Castings USA, Inc.,* 913 F.Supp. 712, 719 (E.D.N.Y. 1996).[1]

According to Youman, Newfield's only contacts with this district are its operating and leasing interests in platforms HIA 521, HIA 531, HIA 536, and HIA 537. The Submerged Lands Act of 1953, codified at 43 U.S.C. §§ 1301–1315, defines the boundaries of the coastal states. Section 1301(b) states:

> The term "boundaries" includes the seaward boundary of a State or its boundaries in the Gulf of Mexico or any of the Great Lakes as they existed at the time such State became a member of the Union, or as heretofore approved by the Congress, or as extended or confirmed pursuant to section 1312 of this title but in no event shall the term "boundaries" or the term "land beneath navigable waters" be interpreted as extending from the coast line more than three geographical miles into the Atlantic Ocean or the Pacific Ocean, or more than three marine leagues into the Gulf of Mexico.

The platforms Youman lists are located off the Texas coast in the Gulf of Mexico. However, none are within three leagues of the Texas coastline. U.S. Department of the

1. The party who seeks to invoke the jurisdiction of a district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989). "In satisfying the above burden, when the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to constitute a prima facie case of personal jurisdic-

tion." *WNS,* 884 F.2d at 203. Any genuine material conflicts between the facts as established by the parties' appropriate affidavits, and other proper summary judgment evidence, must be resolved in the plaintiff's favor for the purposes of determining whether a prima facie case for jurisdiction exists. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992).

Interior Minerals Management Service, Gulf of Mexico OCS Region, *Gulf of Mexico Outer Continental Shelf Multiple Use Map,* Section 2 (September 1994). Therefore, Newfield's operations on these platforms do not take place within the State of Texas.[2] *See Long v. Vessel "Miss Ida Ann",* 490 F.Supp. 210, 213 (S.D.Tex.1980) (concluding that an accident in navigable waters sixty-five miles offshore from Port Mansfield, Texas did not occur within the state of Texas). *Cf. Williams v. Brasea, Inc. & Vessel Ciapesc I,* 320 F.Supp. 658, 659 (S.D.Tex.1970), *rev'd on other grounds,* 497 F.2d 67 (5th Cir.1974) (finding that if "tort ... had occurred within 10.35 miles of the Texas coast, rather than in international waters, there is no doubt that this court could obtain jurisdiction over [the defendant]"). Because Newfield has no contacts with this district, it does not "reside" in this district pursuant to section 1391(b)(1).

■ The court finds venue improper in this district under sections 1391(b)(2) and (b)(3) also. No part of the events or omissions giving rise to Youman's claim occurred in the Eastern District of Texas; and venue is proper in either the Southern District of Texas where Newfield is headquartered, or the Western District of Louisiana where Youman resides and received his medical treatment.

■ Having concluded venue is improper in this district, the question becomes whether the court should transfer or dismiss Youman's claim. Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993); *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654 (11th Cir.1993), *cert. denied,* 513 U.S. 814, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994). Given that the functional purpose of 28 U.S.C. §§ 1406(a) and 1404(a) is to eliminate impediments to the timely dispositions of cases *on their merits,* the court finds transferring this action be in the interest of justice.

Accordingly, the court hereby TRANSFERS the above-referenced cause to the United States District Court for the Western District of Louisiana, Lafayette–Opelousas Division. Furthermore, the court expresses no opinion concerning Newfield's motion to dismiss for failure to state a claim.

---

2. Pursuant to the Submerged Lands Act of 1953, the Supreme Court decided *United States v. Louisiana et al.,* 363 U.S. 1, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960). In that case, Louisiana, Texas, Mississippi, Alabama and Florida contested the United States' assertion that it was entitled to exclusive possession of the "the lands minerals and other natural resources *more than three geographical miles* seaward from the coast of each State." *Louisiana,* 363 U.S. at 5, 80 S.Ct. at 966 (emphasis in original). The Supreme Court held that because the Republic of Texas had established its boundary at three leagues (approximately 10.35 miles) seaward from its coast before its annexation in 1845, the State of Texas was entitled to all lands and natural resources underlying the Gulf of Mexico within three leagues of its coast under the SLA. *Louisiana,* 363 U.S. at 64, 80 S.Ct. at 997.